and Mary C. List as co-executors and co-trustees? This is all taken care of by sections of the Code to which counsel have referred in their briefs.

The fourth question is, If Jacob L. Weng should die before reaching the age of 25 years, when does the trust cease, and when should distribution be made among the legatees and devisees? This is answered by the language of the will:

"Provided that should my said son Jacob L. Weng die before attaining the age of 25 years, leaving no issue surviving him, then my said estate shall *at once* pass to my surviving children."

The court having made the constructions requested, an entry may be drawn accordingly.

Common Pleas Court of Hamilton County.

EVELYN M. BARMAN, EXECUTRIX, ETC., v. LOUIS FEID, JR.

*John W. Cowell* and *Alvin H. Hodges,* for plaintiffs in error.

*Wm. M. Vance,* contra.

SHOOK, J.

This cause comes into this court on error proceedings from a final judgment of the Municipal Court of Cincinnati. The plaintiff in error was the defendant below, the defendant in error was the plaintiff below, so that they will be referred to hereinafter in their positions in the Municipal Court.

The plaintiff, a reputable physician in the community, sued the defendant, as executrix, in the sum of two hundred dollars ($200), for professional services rendered decedent during his last illness. The answer was in the nature of a general denial.

A jury was demanded, but at the conclusion of the hearing on the pleadings and the evidence both sides having rested, both parties joined in motions for directed verdicts in their favor.

The court gave judgment for the plaintiff in the sum of one hundred and fifty dollars ($150) with costs.

The judgment was rendered on March 31, 1926; on April 2, 1926, defendant filed a motion for a new trial, and on April 15, 1926, the court overruled the motion of defendant for a new trial, to which defendant excepts. In the same entry overruling the motion for new trial the court reduced the judgment to one hundred and twenty-five dollars ($125), to which plaintiff excepts.

Thereupon, on April 19, 1926, separate findings of fact and law was entered. Nothing further appears in the papers or transcript, and no bill of exceptions is on record.

Plaintiff in error argues that it was necessary for the court to find affirmatively that the claim sued on was presented to the executrix.

In the opinion of the court defendant waived this claim by filing a general denial, contesting the suit and trying the case on its merits.

In *Pepper* v. *Sidwell*, 36 O. S., 454, syl., is as follows:

"In an action against an administrator, the objection that the claim sued on was not presented for allowance before the action was brought, is waived, where the administrator joins issue and goes to trial on the validity of the claim without objection."

See also *State, ex rel.*, v. *Schott*, 9 N. P. (N. S.), at page 525. On page 526 the court concludes its opinion with the following language:

Thus the court holds that the presentation of the claim is not jurisdictional, that such presentation may be waived or may be omitted when the record of the case shows that such motion is not prejudicial to the rights of the administrator, or is justified by other circumstances.

And in the case of *Daykin* v. *Emery*, 5 O. C. D., 121, the syllabus is as follows:

"Where a claim against an estate is of such a character that it should be presented to the administrator for allowance before suit can be brought thereon, yet such requirement may be waived by the administrator, and where such administrator enters appearance in the suit so brought, and proceeds to trial therein without objection, this amounts to a waiver and such waiver cannot be taken back by the administrator when the case comes on for trial by taking permission to amend his answer and then for the first time setting up the fact that the claim was not presented to him for allowance as a defense."

Counsel for plaintiff in error argues that where there is a separate finding of fact and law, under Section 11470, General Code, the filing of a motion for a new trial is unnecessary. The court agrees with counsel on this general statement of the law:

*State of Ohio* v. *Wirick*, 81 O. S., at page 346.

In the case *In the Matter of the Estate of Amanda L. Hinton, Decd.*, 64 O. S., 425, syl. 1, is as follows:

"Where the facts are conceded or agreed upon in a trial, the judgment of the court rendered upon such facts, may be reviewed in a higher court by petition in error, without a motion for a new trial."

However, this contention is superseded by the fact that judgment was rendered on March 31, 1926, and a motion for a new trial was filed on April 2, 1926. The separate finding of fact and law was not entered until April 19, 1926, four days after the final judgment entry had been placed on record, to-wit, on April 15, 1926.

Section 1558-19, General Code, divides the calendar of the Municipal Court into four terms of three months each, beginning respectively, on the first of January, April, July and October of each year. This motion was therefore filed out of term time; therefore the argument of counsel with reference to the lack of necessity to file a motion for new trial where there is a separate statement of fact and law is irrelevant and immaterial. Section 11578, General Code, reads as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time." See *Stuckey* v. *Bloomer*, 2 C. C., 531.

Another case in point is *State of Ohio, ex rel.*, v. *Yeager*, 3 C. C., 581, wherein it is held in the syllabus (Par. 2): "That the judgment was rendered near the close of the term does not give the losing party the right to file a motion for a new trial after the term has ended, although it was filed within three days after such judgment."

Another question raised by plaintiff in error which goes to the merits of the case is whether or not the court erred in giving judgment for plaintiff, for the reasonable value of the services rendered. The court made the following findings of law, with which this court agrees on this point:

"1.   A physician is entitled to recover for his services in the same manner as any other person who performs service for another.

"2.   An employment of a physician by a party without express agreement as to compensation raises an implied agreement to pay what the services are reasonably worth.

"3.   In the absence of an express agreement, the right of a physician to be compensated for his services does not depend upon the measure of his success in affecting a cure by the means employed, and upon diligent exercise under his employment of the skill which commonly pertains to his profession.

"Such services are regarded as beneficial in the legal sense, and the right to adequate compensation arises upon their rendition, whether the outcome be in fact beneficial to the patient, or otherwise."

Of course it is to be understood that the statements of law are taken in connection with the statement of facts which this court has carefully considered.

The following language in 30 Cyc., 1594-45, is apropos:

"In the absence of an express agreement, the rights of a physician to be compensated for his services does not depend on the measure of his success in effecting a cure by the means employed, but upon diligent exercise under his employment of the skill which commonly pertains to his profession.

"Such services are regarded as beneficial in the legal sense, and the right to adequate compensation arises upon their rendition, whether the outcome be in fact beneficial or otherwise."

The court is of the opinion, however, that the trial court did not have the power to modify the judgment herein. Evidently the trial court made this finding in the nature of a remittitur.   Since, however, the record shows that the plaintiff not only did not concur in the reduction of the judgment, but excepted to the court's ruling, the court was without power to reduce the judgment.

*Railroad Co.* v. *Rahmann*, 22 O. S., 446, at p. 450; *Ohio Traction Co.* v. *Shearer*, 97 O. S., 332.

The only manner in which this judgment could be vacated or modified is contained in Section 11635, General Code, as follows:

"The proceedings to vacate the judgment or order on

the grounds mentioned in divisions four, five, six, seven, eight, nine and ten, of the first section of this chapter, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action. On such petition summons shall issue and be served as in the commencement of an action."

The court does therefore hereby affirm the judgment of the Municipal Court, but remands the record back to the trial court to enter judgment in accordance therewith, to-wit, the judgment entered by the trial court on March 31, 1926, for $150.